IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARIAN ANTHONY LUCAS,** ) | |
| Petitioner, ) | C.A. No. 09-1327 Pittsburgh |
| ) | District Judge Maurice Cohill |
| v. ) | Magistrate Judge Susan Paradise Baxter |
| ) | |
| **MARAVICH, et al.,** ) | |
| Respondents. ) | |

### REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that the instant action, in which Petitioner Darian Anthony Lucas purports to seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or a writ of mandamus pursuant to 28 U.S.C. § 1361, be construed as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b), that the motion be denied, and this case be closed.

**II.   REPORT**

Lucas is a state prisoner and is presently incarcerated at the State Correctional Institution in Dallas, Pennsylvania.  In or around July 2000, he filed an action in this Court under 42 U.S.C. § 1983 claiming various violations of his civil rights.  Lucas v. Simpson, *et al.*, Civil Docket No. 2:00-cv-01305 (W.D. Pa.).  The case was assigned to the Honorable Judge Donald E. Ziegler and referred to Magistrate Judge Ila J. Sensenich.  On October 25, 2000, Judge Zeigler, upon Magistrate Judge Sensenich's recommendation, dismissed the case pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Lucas filed a notice of appeal in the United States Court of Appeals for the Third Circuit. Lucas v. Simpson, *et al.*, Appellate Docket No. 00-3739 (Nov. 9, 2000).  On August 15, 2001, the Third Circuit Court dismissed the appeal under 28 U.S.C. § 1915(e)(2)(B).

More than eight years later, on September 29, 2009, Lucas commenced this action by filing a motion for *in forma pauperis* accompanied by a form petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  [Document No. 1].  He also claims that he is seeking a writ of mandamus under 28 U.S.C. § 1361.

A review of the document Lucas has attached to his motion for *in forma pauperis* shows that, regardless of how he has styled this action, what he actually is seeking is reconsideration of his civil rights action at Civil Docket No. 2:00-cv-01305.  He raises complaints about the manner in which that action was disposed in this Court and on appeal before the Third Circuit Court.  Lucas is seeking this relief because he has filed so many frivolous civil actions that he now is barred from proceeding *in forma pauperis* in civil actions under the provision of the PLRA codified at 28 U.S.C. § 1915(g).  See Third Circuit Court Order dated 10/23/2003 in Lucas v. Tennis, *et al.*, Appellate Docket No. 03-1190 (denying Lucas *in forma pauperis* status because he has had a least three prior civil actions dismissed as frivolous or for failure to state a claim).  In an effort to avoid the provisions of the PLRA, he has filed corresponding actions here and in the United States District Court for the Middle District of Pennsylvania in which he is, by way of purported petitions for habeas or for mandamus, requesting that his various civil rights actions be reopened and declared "non-frivolous."  See Lucas v. Maravich, *et al*., 2:09-cv-01052 (W.D. Pa.); Lucas v. Maravich, *et al.*, 2:09-cv-01167 (W.D. Pa.); Lucas v. Sinnott, *et al*., 2:09-cv-0187 (W.D. Pa.); Lucas v. Forney, *et al.*, 4:09-cv-01619 (M.D. Pa.); Lucas v. Cawley, *et al.*, 4:09-cv-01850 (M.D. Pa.).

Neither 28 U.SC. § 2254 nor 28 U.S.C. § 1361 confers upon a district court jurisdiction to reopen and reconsider a finally litigated action, nor does it provide a district court with any authority to compel the court of appeals to reconsider orders and decisions made by it.  Moreover, considering the relief that Lucas is seeking, this action must be construed as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b).  That rule provides that the Court may, in its discretion, provide relief from a final judgment for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or (6) any other reason that justifies relief.  A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.  Fed.R.Civ.Pro. 60(c).  None of the criteria set forth in Rule 60(b) are present here.  Nor has Lucas sought relief for matters related to Civil Docket No. 1:00-cv-01305 within a reasonable time.

### III.    CONCLUSION

On the basis of the foregoing, it recommended that the instant action be construed as a motion for relief from a judgment or order pursuant Rule 60(b) and that it be denied and this case be closed.  Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Lucas is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: February18, 2010